Jennifer Greenblatt (*pro hac vice* application forthcoming)
Edward Dumoulin (*pro hac vice* application forthcoming)
jgreenblatt@goldmanismail.com
edumoulin@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
564 W. Randolph St., Ste. 400
Chicago, IL 60661
Telephone: (312) 681-6000
Facsimile: (312) 881-5191

Rodney M. Hudson (SBN 189363)
rodney.hudson@dbr.com
Claudia V. Garcia (SBN 306668)
claudia.garcia@dbr.com
DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111-4180
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Counsel for Specially Appearing Defendants*
*Bayer HealthCare Pharmaceuticals Inc., Bayer*
*Corporation, and Bayer HealthCare LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATSIANA DEROSA; TAMARA TYLER; GILBERTO LOPEZ; BONNIE WHEELER, <br><br> Plaintiffs, <br><br> vs. <br><br> BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER CORPORATION; BAYER HEALTHCARE LLC; GE HEALTHCARE, INC.; GENERAL ELECTRIC COMPANY; BRACCO DIAGNOSTICS INC.; MCKESSON CORPORATION; MCKESSON MEDICAL-SURGICAL, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 3:19-cv-2932 <br><br> **NOTICE OF REMOVAL** <br><br> **JURY TRIAL DEMANDED** |

Specially Appearing Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC (collectively "Bayer" or the "Bayer Defendants") hereby remove the above-captioned case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. The grounds for removal are as follows:

## BACKGROUND

1.      This Court has diversity jurisdiction over this action because no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1332(a).

2.      On April 24, 2019, Plaintiffs Tatsiana DeRosa, Tamara Tyler, Gilberto Lopez, and Bonnie Wheeler (collectively "Plaintiffs") filed the Complaint against the Bayer Defendants, GE Healthcare, Inc., General Electric Company, Bracco Diagnostics Inc., McKesson Corporation, and McKesson Medical-Surgical, Inc. (all Plaintiffs and Defendants collectively, "the Parties"), in the Superior Court of the State of California for the County of San Francisco in the case captioned *Tatsiana DeRosa et al. v. Bayer HealthCare Pharmaceuticals Inc. et al.*, Case No. CGC-19-575479. Copies of all process, pleadings, and orders in the state-court action are attached to this filing as Exhibit A as required by 28 U.S.C. § 1446(a).

3.      Plaintiffs first served the Bayer Defendants with the Complaint on April 25, 2019.

4.      In the Complaint, Plaintiffs claim, *inter alia*, defendants' FDA-approved gadolinium-based contrast agents (i.e., Magnevist, Omniscan, and/or MultiHance), which are used to enhance the quality of magnetic resonance imaging (MRI) to diagnose serious medical conditions, caused Plaintiffs "to have retained gadolinium" that "result[ed] in fibrosis in their organs, skin, and bones . . . and related injuries." *See* Ex. A, 04/24/2019 Complaint ("Compl.") at pp.2-3, 9-11 ¶¶ 2-5, 34-37, 41.

5.      In May 2017, the U.S. Food and Drug Administration announced that its own "review to date has not identified adverse health effects from gadolinium retained in the brain after the use of gadolinium-based contrast agents (GBCAs) for magnetic resonance imaging (MRI)" and that "restricting GBCA use is not warranted at this time." 05/22/17 U.S. Food & Drug Admin., Safety

Announcement,   https://www.fda.gov/Drugs/DrugSafety/ucm559007.htm.   The   FDA   similarly concluded in December 2017 that "[g]adolinium retention has not been directly linked to adverse health effects in patients with normal kidney function," a group that includes Plaintiffs based on their allegations. *See* 12/19/2017 FDA Safety Announcement, https://www.fda.gov/Drugs/DrugSafety/ ucm589213.htm; *see also* Compl. at pp.9-10 ¶¶ 34-37 (Plaintiffs DeRosa, Tyler, Lopez, and Wheeler each allege they "had normal kidney function at the time [she or he] was injected with these GBCAs").

6.       Bayer has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**I.       REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 AND BAYER SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

7.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is the required diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Bayer has also satisfied all procedural requirements for removal.

**A.       There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants.**

8.       The Parties to this action were completely diverse at the time Plaintiffs filed their Complaint and at all successive times, including at the time of removal.[1] "A removing defendant . . . need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, No. CV 14-01336, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("at [the removal] stage of the case, the defendants were merely required to allege (not prove) diversity").

9.       According to the Complaint, Plaintiffs DeRosa, Tyler, Lopez, and Wheeler are and

---

[1] Neither Bayer nor any defendant consenting to removal concedes that diversity must be established at the time the Complaint was initially filed for the defendants to remove. *See, e.g.*, *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 378 (5th Cir. 2010) (diversity jurisdiction depends on whether parties were diverse "[a]t the time of removal"). However, since the Parties have been diverse at all times since the action was filed, the timing when diversity is determined is irrelevant here.

1   were at all relevant times citizens of California. *See* Compl. at pp.2-3, 8 ¶¶ 2-5, 27. Specifically, the

2   Complaint refers to 28 U.S.C. § 1332 and states that Plaintiffs are California residents for purposes

3   of diversity jurisdiction. *See id.* at p.8 ¶ 31.

4         10.    Defendant Bayer HealthCare Pharmaceuticals Inc. is now, and at the time Plaintiffs

5   filed the Complaint was, incorporated under the laws of Delaware with its principal place of business

6   in New Jersey. Therefore, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New

7   Jersey. *See* 28 U.S.C. § 1332(c)(1).

8         11.    Defendant Bayer Corporation is now, and at the time Plaintiffs filed the Complaint

9   was, incorporated under the laws of Indiana with its principal place of business in New Jersey.

10   Therefore, Bayer Corporation is a citizen of Indiana and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11         12.    Defendant Bayer HealthCare LLC is now, and at the time Plaintiffs filed the

12   Complaint was, a Delaware limited liability company with its principal place of business in New

13   Jersey. A limited liability company "is deemed to be a citizen of all states where its members are

14   citizens." *Tri-County Metro. Transp. v. Butler Block, LLC*, 337 F. App'x 708, 709 (9th Cir. 2009);

15   *accord Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The

16   citizenship of Defendant Bayer HealthCare LLC's members at the time the Complaint was filed and

17   at all times thereafter was and is as follows:

18           a.  Bayer Medical Care Inc. is now, and at the time Plaintiffs filed the Complaint

19               was, a Delaware corporation with its principal place of business in Pennsylvania;

20           b.  NippoNex Inc. is now, and at the time Plaintiffs filed the Complaint was, a

21               Delaware corporation with its principal place of business in New Jersey;

22           c.  Bayer Essure Inc. is now, and at the time Plaintiffs filed the Complaint was, a

23               Delaware corporation with its principal place of business in New Jersey;

24           d.  Bayer West Coast Corporation is now, and at the time Plaintiffs filed the

25               Complaint was, a Delaware corporation with its principal place of business in

26               New Jersey;

27

28

e.   Bayer Consumer Care Holdings LLC is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company, the citizenship of whose members is as follows:

    i.   Bayer East Coast LLC—the sole common member of Bayer Consumer Care Holdings LLC—is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company wholly owned by Bayer US Holding LP; Bayer US Holding LP is now, and at the time Plaintiffs filed the Complaint was, a limited partnership between Bayer World Investments B.V. and Bayer Solution B.V., each of which is now, and at the time Plaintiffs filed the Complaint was, a private company with limited liability incorporated under Dutch law with its principal place of business in the Netherlands; and

    ii.   Bayer HealthCare US Funding LLC—the sole preferred member of Bayer Consumer Care Holdings LLC—which now, and at the time Plaintiffs filed the Complaint, consists of three members: (1) Bayer AG, which is now, and at the time Plaintiffs filed the Complaint was, a publicly held German Aktiengesellschaft with its principal place of business in Germany, (2) Bayer Pharma AG, which is now, and at the time Plaintiffs filed the Complaint was, a publicly held German Aktiengesellschaft with its principal place of business in Germany, and (3) Bayer World Investments B.V., which is now, and at the time Plaintiffs filed the Complaint was, a private company with limited liability incorporated under Dutch law with its principal place of business in the Netherlands;

f.   Bayer HealthCare US Funding LLC is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose members, as set forth above, are and were incorporated in and have their respective principal places of business in Germany and the Netherlands;

g.  Dr. Scholl's LLC is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC, who is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose members, as set forth above, are and were incorporated in and have their respective principal places of business in Germany and the Netherlands;

h.  Coppertone LLC is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC, who is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose members, as set forth above, are and were incorporated in and have their respective principal places of business in Germany and the Netherlands; and

i.  MiraLAX LLC is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose sole member is now, and at the time Plaintiffs filed the Complaint was, Bayer HealthCare US Funding LLC, who is now, and at the time Plaintiffs filed the Complaint was, a Delaware limited liability company whose members, as set forth above, are and were incorporated in and have their respective principal places of business in Germany and the Netherlands.

At the time Plaintiffs filed the Complaint through the present, none of Defendant Bayer HealthCare LLC's members is or was incorporated in California, has or had a principal place of business in California, or has or had any member that is or was incorporated in or has or had a principal place of business in California. Rather, at the time the Complaint was filed and at all times thereafter, Bayer HealthCare LLC is and was a citizen of Delaware, New Jersey, Pennsylvania, Germany, and the Netherlands.

13.  Defendant GE Healthcare, Inc. is now, and at the time Plaintiffs filed the Complaint was, incorporated under the laws of Delaware with its principal place of business in Massachusetts. Therefore, GE Healthcare, Inc. is a citizen of Delaware and Massachusetts. *See* 28 U.S.C. §

1332(c)(1).

14.     Defendant General Electric Company is now, and at the time Plaintiffs filed the Complaint was, incorporated under the laws of New York with its principal place of business in New York. Therefore, General Electric Company is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1).

15.     Defendant Bracco Diagnostics Inc. is now, and at the time Plaintiffs filed the Complaint was, incorporated under the law of Delaware with its principal place of business in New Jersey. Therefore, Bracco Diagnostics Inc. is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

16.     Defendant McKesson Corporation is now, and at the time Plaintiffs filed the Complaint was, incorporated under the laws of Delaware with its principal place of business in Texas. Therefore, McKesson Corporation is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1). *See* 5/15/2019 McKesson Corporation Annual Report on U.S. Securities and Exchange Commission website at https://www.sec.gov/Archives/edgar/data/927653/000092765319000009/mck_10kx3312019.htm#s159EA64A1E005C8189144DB5D301DA2C ("As previously announced on November 30, 2018, the Company relocated its corporate headquarters from San Francisco, California to Irving, Texas . . . effective April 1, 2019.") (last visited May 15, 2019).

17.     Defendant McKesson Medical-Surgical, Inc. is now, and at the time Plaintiffs filed the Complaint was, incorporated under the laws of Virginia with its principal place of business in Virginia. Therefore, McKesson Medical-Surgical, Inc. is a citizen of Virginia. *See* 28 U.S.C. § 1332(c)(1). *See* McKesson Medical-Surgical, Inc. website at https://www.mckesson.com/about-mckesson/our-company/businesses/mckesson-medical-surgical/ (identifying the headquarters for McKesson Medical-Surgical as located in Richmond, Virginia) (last visited May 15, 2019).

18.     The citizenship of defendants Does 1-20 "shall be disregarded" in determining whether diversity exists. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

19.     Because the parties are citizens of different states and no defendant is a citizen of the State of California, complete diversity exists and removal is proper on that ground. *See* 28 U.S.C. §

1332(a)(1), 1332(c)(1), and 1441.

**B.    The Amount-in-Controversy Requirement Is Satisfied.**

20.    The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though Plaintiffs have not made a specific dollar demand. "[B]y the preponderance of the evidence," it is clear from the face of Plaintiffs' Complaint "that the amount in controversy exceeds" "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1446(c)(2)(B); 1332(a); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

21.    Plaintiffs' Complaint alleges that Plaintiffs suffered "severe and life altering" injuries that are "debilitating, permanent, and excruciating, and have ruined Plaintiffs' ability to enjoy normal and productive lives" as a result of the defendants' acts and omissions.[2] Compl. at pp.9-10 ¶¶ 34-38.

22.    Plaintiffs assert various claims including strict liability: failure to warn, negligence, fraud: misrepresentation, fraud: concealment, and negligent misrepresentation. *See* Compl. at pp.18-25. Plaintiffs seek to recover compensatory damages, economic damages, and non-economic damages, including damages for medical care expenses, pain and suffering, loss of enjoyment of life, loss of earnings, and loss of earning capacity. *See id.* Plaintiffs also seek punitive damages. *See id.*

23.    Although Bayer denies Plaintiffs' allegations and denies any liability to Plaintiffs, the allegations in the Complaint that Plaintiffs suffered "severe and life altering" injuries that are "debilitating, permanent, and excruciating, and have ruined Plaintiffs' ability to enjoy normal and productive lives," and Plaintiffs' attempt to recover unspecified damages, including damages for medical care expenses, pain and suffering, loss of enjoyment of life, loss of earnings, and loss of earning capacity, plainly indicate that the amount in controversy exceeds $75,000. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) (noting that amount in controversy may be assessed based on "the reality of what is at stake in the litigation, using reasonable assumptions"); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107–08 (9th Cir. 2010) ("even though the state court complaint does not specify an amount" it

---

[2] Bayer disputes that its products caused any such injuries or that it is liable to Plaintiffs for any reason.

NOTICE OF REMOVAL                                                    CASE NO. 3:19-CV-2932

satisfied amount-in-controversy requirement by requesting damages for, *inter alia*, medical and burial expenses); *Campbell v. Bridgestone/ Firestone, Inc.*, No. CIVF051499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount-in-controversy requirement met where plaintiffs asserted strict products liability and negligence claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity). In particular, courts routinely hold that cases alleging serious physical injuries, such as those claimed by Plaintiffs here, satisfy the amount-in-controversy requirement. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought damages for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

### C.   Bayer Satisfied All Procedural Requirements for Removal.

24.     This Court has diversity jurisdiction over this action because the parties on each side of the controversy are diverse and the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1332(a).

25.     Pursuant to Local Civil Rules 3-2 and 3-5, this action is properly removed to the San Francisco Division of this Court, as the Complaint was filed in the Superior Court of the State of California for the County of San Francisco.

26.     This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 84(a) because it is "the district and division embracing the place where such action is pending," namely San Francisco, California.[3]

27.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it has been "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period under removal statute begins to run from the date of formal service); *see also* 28 U.S.C. § 1446(b)(2)(B).

---

[3] Bayer does not concede that this venue is ultimately appropriate for the case; it is merely the correct court for removal given the location of the state court action.

NOTICE OF REMOVAL                                                      CASE NO. 3:19-CV-2932

28.     The Bayer Defendants file this Notice of Removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants" during the state court proceedings as Exhibit A. *See* 28 U.S.C. § 1446(a).

29.     "[A]ll defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). All Bayer Defendants join in the removal. Undersigned counsel certifies that the following defendants, some of which have been served, all consent to removal: GE Healthcare, Inc., General Electric Company, Bracco Diagnostics Inc., McKesson Corporation, and McKesson Medical-Surgical, Inc. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."). The fictitious defendants Does 1 through 20 need not consent because they have not been "properly joined and served," and because their citizenship is disregarded for purposes of removal, *see* 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of Defendants sued under fictitious names shall be disregarded").

30.     Further, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought," as no defendant is a citizen of California. *See* 28 U.S.C. § 1441(b)(2).

31.     No previous application has been made for the relief requested herein.

32.     Pursuant to 28 U.S.C. § 1446(d), Bayer will promptly serve written notice of this Notice of Removal upon counsel for Plaintiffs and file a copy of this Notice of Removal with the Clerk of the San Francisco Superior Court.

33.     If there are any questions concerning this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.[4]

---

[4] No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

NOTICE OF REMOVAL                                                    CASE NO. 3:19-CV-2932

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and N.D. Cal. Civil Local Rule 3-6, the Bayer Defendants hereby demand a jury trial in this matter.


Dated: May 28, 2019

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Rodney M. Hudson*

Rodney M. Hudson

*Counsel for Specially Appearing Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Corp., and Bayer HealthCare LLC*

-11-

# *EXHIBIT A*



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Apr-24-2019 11:01 am

Case Number: CGC-19-575479

Filing Date: Apr-24-2019 10:57

Filed by:  KALENE APOLONIO

Image: 06781054

COMPLAINT

TATSIANA DEROSA ET AL VS. BAYER HEALTHCARE PHARMACEUTICALS, INC.
ET AL

001C06781054

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Levi M. Plesset (296039)<br>Milstein, Jackson, Fairchild & Wade, LLP<br>10250 Constellation Blvd, Suite 1400<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 396-9600   FAX NO.: (310) 396-9635<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>San Francisco County Superior Court<br><br>APR 24 2019<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CGC-19-575479**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [✓] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [✓] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/23/2019
Levi M. Plesset
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER HEALTHCARE PHARMACEUTICALS, INC. (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TATSIANA DEROSA; TAMARA TYLER; GILBERTO LOPEZ; BONNIE WHEELER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-19-575479 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Levi M. Plesset; 10250 Constellation Blvd, Suite 1400, Los Angeles, CA 90067; (310) 396-9600

| DATE: **APR 2 4 2019**<br>*(Fecha)* | CLERK OF THE COURT, by<br>*(Secretario)* KALENE APOLONIO | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**BY FAX**
ONE LEGAL LLC

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | CGC-19-575479 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff  [✓] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

BAYER CORPORATION; BAYER HEALTHCARE LLC; GE HEALTHCARE, INC; GENERAL ELECTRIC COMPANY; BRACCO DIAGNOSTICS, INC; MCKESSON CORPORATION; MCKESSON MEDICAL-SURGICAL, INC; and DOES 1 through 20, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

1  Levi M. Plesset (CA SBN 296039)
   lplesset@mjfwlaw.com
2  **MILSTEIN JACKSON**
   **FAIRCHILD & WADE, LLP**
3  10250 Constellation Boulevard, Suite 1400
   Los Angeles, California 90067
4  Telephone: (310) 396-9600
   Fax: (310) 396-9635
5
   Attorney for Plaintiffs
6

**FILED**

San Francisco County Superior Court

APR 24 2019

CLERK OF THE COURT

BY: _____
Deputy Clerk

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9               **COUNTY OF SAN FRANCISCO**

10

11 TATSIANA DEROSA; TAMARA         Case No.  **CGC-19-575479**
   TYLER; GILBERTO LOPEZ;
12 BONNIE WHEELER,

13                  Plaintiffs,         **COMPLAINT FOR DAMAGES**

14       vs.                            1) Strict Liability: Failure to Warn

15                                      2) Negligence
   BAYER HEALTHCARE
16 PHARMACEUTICALS, INC; BAYER        3) Fraud: Misrepresentation
   CORPORATION; BAYER HEALTHCARE
17 LLC; GE HEALTHCARE, INC; GENERAL   4) Fraud: Concealment
   ELECTRIC COMPANY; BRACCO
18 DIAGNOSTICS, INC; MCKESSON         5) Negligent Misrepresentation
   CORPORATION; MCKESSON MEDICAL-
19 SURGICAL, INC; and DOES 1 through 20,
   inclusive,
20
21                  Defendants.

22                  **COMPLAINT**

23
24       COMES NOW, Plaintiffs, by and through the undersigned counsel, and bring this

25 complaint against Defendants and allege as follows:

26                **PARTIES AND BACKGROUND**    **BY FAX**

27                                              ONE LEGAL LLC

28       1.     Gadolinium is a highly toxic heavy metal and rare earth element.  Omniscan or

                                    1
                                COMPLAINT

Gadodiamide, Magnevist or Gadopentetate, and MultiHance or Gadobenate in particular, are highly toxic and do not occur naturally in the human body. The only known route for gadolinium to enter the human body is by injection of a gadolinium-based contrast agent.

2.    Plaintiff TATSIANA DEROSA is a resident of Santee, California. TATSIANA DEROSA was injected with linear gadolinium-based contrast agents ("GBCAs") prior to receiving MRIs in California. Contrary to the Defendant's promotion of GBCAs as being benign contrast agents that harmlessly exit the body shortly after administration in patients with normal kidney function, TATSIANA DEROSA continues to have retained gadolinium in her body years after being administered the GBCAs.

3.    Plaintiff TAMARA TYLER is a resident of California City, California. TAMARA TYLER was injected with linear gadolinium-based contrast agents ("GBCAs") prior to receiving MRIs in California. Contrary to the Defendant's promotion of GBCAs as being benign contrast agents that harmlessly exit the body shortly after administration in patients with normal kidney function, TAMARA TYLER continues to have retained gadolinium in her body years after being administered the GBCAs.

4.    Plaintiff GILBERTO LOPEZ is a resident of Calexico, California. GILBERTO LOPEZ was injected with linear gadolinium-based contrast agents ("GBCAs") prior to receiving MRIs in California. Contrary to the Defendant's promotion of GBCAs as being benign contrast agents that harmlessly exit the body shortly after administration in patients with normal kidney function, GILBERTO LOPEZ continues to have retained gadolinium in her body years after being administered the GBCAs.

5.    Plaintiff BONNIE WHEELER is a resident of Garden Grove, California. BONNIE WHEELER was injected with linear gadolinium-based contrast agents ("GBCAs")

prior to receiving MRIs in California.  Contrary to the Defendant's promotion of GBCAs as being benign contrast agents that harmlessly exit the body shortly after administration in patients with normal kidney function, BONNIE WHEELER continues to have retained gadolinium in her body years after being administered the GBCAs.

6.      Plaintiffs' primary injury alleged herein is gadolinium retention in multiple organs (brain, heart, liver, kidney, bones, and skin).  The gadolinium, a toxic heavy metal, causes fibrosis in organs, bone, and skin, and crosses the blood-brain barrier and deposits in the neuronal nuclei of the brain.

7.      Plaintiffs' injuries were proximately caused by the retention of gadolinium in the body as a direct result of being injected with Omniscan, Magnevist, and/or MultiHance as part of the MRIs.  Plaintiffs were never warned about the risks of gadolinium retention because they had normal renal function and the GBCA manufacturers chose to only provide warnings to patients with reduced renal function.

8.      Defendants BAYER HEALTHCARE PHARMACEUTICALS, INC, BAYER CORPORATION, BAYER HEALTHCARE LLC, GE HEALTHCARE, INC, GENERAL ELECTRIC COMPANY, MCKESSON CORPORATION and MCKESSON MEDICAL-SURGICAL, INC (collectively referred to herein as "Defendants") manufacture, market and sell Omniscan and Magnevist, gadolinium-based contrast agents that were injected into Plaintiffs' bodies.

9.      Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC is a Delaware corporation with its principal place of business in New Jersey.  Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC is the United States pharmaceuticals unit of BAYER HEALTHCARE LLC.  BAYER HEALTHCARE PHARMACEUTICALS, INC is

engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing Magnevist or Gadopentetate into interstate commerce, either directly or indirectly through third parties or related entities. This Court has personal jurisdiction over said Defendant under the doctrine of specific jurisdiction because said Defendant purposefully availed itself of the benefits and protections of this state's laws, and Plaintiffs' claims arise out of Defendant's forum-related activities. In addition, Defendant conducted clinical trials of Magnevist within California, which became part of an unbroken chain of events leading to Plaintiffs' injuries. See *Dubrose v. Bristol-Myers Squibb Co.,* No. 17-cv-99244, 2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017).

10. Defendant BAYER CORPORATION is an Indiana corporation with its headquarters located in Pennsylvania. Defendant BAYER CORPORATION is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing Magnevist or Gadopentetate into interstate commerce, either directly or indirectly through third parties or related entities. This court has personal jurisdiction over said Defendant under the doctrine of specific jurisdiction because said Defendant purposefully availed itself of the benefits and protections of this state's laws, and Plaintiffs' claims arise out of Defendant's forum-related activities. In addition, Defendant conducted clinical trials of Magnevist within California, which became part of an unbroken chain of events leading to Plaintiffs' injuries. See *Dubrose v. Bristol-Myers Squibb Co.,* No. 17-cv-99244, 2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017).

11. Defendant BAYER HEALTHCARE LLC is a Delaware LLC with its headquarters located in New Jersey. BAYER HEALTHCARE LLC is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing Magnevist or Gadopentetate into interstate commerce, either directly or indirectly through third

parties or related entities. This court has personal jurisdiction over said Defendant under the doctrine of specific jurisdiction because said Defendant purposefully availed itself of the benefits and protections of this state's laws, and Plaintiffs' claims arise out of Defendant's forum-related activities. In addition, Defendant conducted clinical trials of Magnevist within California, which became part of an unbroken chain of events leading to Plaintiffs' injuries. See *Dubrose v. Bristol-Myers Squibb Co.,* No. 17-cv-99244, 2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017).

12.     Defendant GE HEALTHCARE, INC is a Delaware corporation with its headquarters located in the State of Massachusetts. GE HEALTHCARE, INC is engaged in the business of designing, licensing, manufacturing, labeling, distributing, selling, marketing, and/or introducing Omniscan or Gadodiamide into interstate commerce, either directly or indirectly through third parties or related entities. In recognition of its business activities in the State of California, GE HEALTHCARE, INC has elected to establish an agent for service of process in this State. This court therefore has personal jurisdiction over GE HEALTHCARE, INC as said defendant has purposely availed itself of the benefits and protections of this State's laws and Plaintiffs' claims arise out of said Defendant's activities in this State.

13.     Defendant GENERAL ELECTRIC COMPANY is a New York corporation with its headquarters located in the State of Massachusetts. GENERAL ELECTRIC COMPANY is engaged in the business of designing, licensing, manufacturing, labeling, distributing, selling, marketing, and/or introducing into the stream of commerce in the State of California its GBCAs commonly known as Omniscan or Gadodiamide, either directly or indirectly through third parties or related entities. In recognition of its business activities in the State of California, GENERAL ELECTRIC COMPANY has elected to establish an agent for service of process in this State. This court therefore has personal jurisdiction over GENERAL ELECTRIC COMPANY as said

defendant has purposely availed itself of the benefits and protections of this State's laws and Plaintiffs' claims arise out of said Defendant's activities in this State.

14.    Defendant BRACCO DIAGNOSTICS, INC is a Delaware corporation with its principal place of business in New Jersey.  BRACCO DIAGNOSTICS, INC has elected to establish an agent for service of process in the State of California.  BRACCO DIAGNOSTICS, INC is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing MultiHance into interstate commerce, either directly or indirectly through third parties or related entities.  This court has personal jurisdiction over said Defendant under the doctrine of specific jurisdiction because said Defendant purposefully availed itself of the benefits and protections of this state's laws, and Plaintiffs' claims arise out of Defendant's forum-related activities.  In addition, Defendant conducted clinical trials of MultiHance within California, which became part of an unbroken chain of events leading to Plaintiffs' injuries. See *Dubrose v. Bristol-Myers Squibb Co.,* No. 17-cv-99244, 2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017).

15.    Defendant MCKESSON CORPORATION distributes Magnevist, MultiHance, Omniscan, and other gadolinium-based contrast agents in California and elsewhere.  Plaintiffs allege that MCKESSON CORPORATION distributed the Magnevist, MultiHance, Omniscan, and/or other gadolinium-based contrast agents that were injected into Plaintiffs.

16.    Defendant MCKESSON CORPORATION is a Delaware corporation with its principal place of business and headquarters at One Post Street, San Francisco, San Francisco County, California.

17.    MCKESSON CORPORATION is duly authorized to conduct business in the State of California and does business in San Francisco County.

18.     At all times relevant to this complaint, MCKESSON CORPORATION sold Magnevist, MultiHance, Omniscan, and/or other gadolinium-based contrast agents in San Francisco County and elsewhere.

19.     Defendant MCKESSON MEDICAL-SURGICAL, INC distributes Magnevist, MultiHance, Omniscan, and other gadolinium-based contrast agents in California and elsewhere. Plaintiffs allege that MCKESSON MEDICAL-SURGICAL, INC distributed the Magnevist, MultiHance, Omniscan, and/or other gadolinium-based contrast agents that were injected into Plaintiffs.

20.     Defendant MCKESSON MEDICAL-SURGICAL, INC is a Virginia corporation with its principal place of business and headquarters at One Post Street, San Francisco, San Francisco County, California.

21.     Defendant MCKESSON MEDICAL-SURGICAL, INC is duly authorized to conduct business in the State of California and does business in San Francisco County.

22.     At all times relevant to this complaint, Defendant MCKESSON MEDICAL-SURGICAL, INC sold Magnevist, MultiHance, Omniscan, and/or other gadolinium-based contrast agents in San Francisco County and elsewhere.

23.     The true names and capacities of those Defendants designated as DOES 1-20 are unknown to Plaintiffs.  Plaintiffs allege on information and belief that each of these fictitiously named defendants bears some legal responsibility for the events and damages set forth in this complaint.  Plaintiffs allege on information and belief that DOES 1-20 were and are companies authorized to do and doing business in the State of California and have regularly conducted business in the County of San Francisco, State of California.

24.     At all times relevant to this Complaint, the Defendants and DOES 1-20 advertised,

7

COMPLAINT

promoted, marketed, distributed, and sold Magnevist, MultiHance, Omniscan, and/or other gadolinium-based contrast agents in California and nationwide.

## JURISDICTION AND VENUE

25.    Jurisdiction and venue are both proper in San Francisco County Superior Court, in the State of California.

26.    This Court has personal jurisdiction over all parties named herein, as described above.

27.    Plaintiffs are residents of the State of California.

28.    Defendants MCKESSON CORPORATION and MCKESSON MEDICAL-SURGICAL, INC reside in San Francisco, California.

29.    Many of the acts and omissions related to the liability of the Defendants occurred in California.

30.    Venue is proper in the County of San Francisco, State of California pursuant to California Code of Civil Procedure 395(a) and other state law, as the action may be tried in the superior court of any county where any defendant resides and/or where the injuries occur. Defendants reside in this County and many of the acts and omissions related to the liability of Defendants occurred in this County.

31.    Diversity jurisdiction, as is required in federal district court for a case of this nature does not exist here.  Diversity jurisdiction requires "complete diversity," which does not exist if any plaintiff is from the same State as any defendant. 28 U.S.C. § 1332.  Here, Plaintiffs are California residents.  Therefore, there is not complete diversity of the parties and diversity jurisdiction does not apply.

32.    Removal of this case to federal court would be improper due to the lack of

8

diversity.

33.     Furthermore, this venue is convenient to the parties and is an appropriate venue for a multiple party product liability action.

## FACTS

34.     Plaintiff TATSIANA DEROSA underwent an MRI during which she was injected with the linear GBCA Magnevist.  Plaintiff TATSIANA DEROSA had normal kidney function at the time she was injected with these GBCAs.  The gadolinium that Ms. DEROSA was injected with was retained in her body which has caused her to suffer from Gadolinium Deposition Disease ("GDD") and symptoms associated with Nephrogenic System Fibrosis ("NSF").  These debilitating symptoms and conditions include, but are not limited to: bone and joint pain; skin thickening; headaches; violent shaking; numbness; weakness; mental anguish; inability to focus; brain fog; and other severe and life altering conditions.

35.     Plaintiff TAMARA TYLER underwent MRIs during which she was injected with the linear GBCA Omniscan.  Plaintiff TAMARA TYLER had normal kidney function at the time she was injected with these GBCAs.  The gadolinium that Ms. TYLER was injected with was retained in her body which has caused her to suffer from Gadolinium Deposition Disease ("GDD") and symptoms associated with Nephrogenic System Fibrosis ("NSF").   These debilitating symptoms and conditions include, but are not limited to: bone and joint pain; vision loss; headaches; chills; vomiting/nausea; dizziness; tingling; fatigue; weakness; numbness; violent shaking; muscle spasms; hearing loss; shortness of breath; vertigo; mental anguish; inability to focus; memory loss; brain fog; and other severe and life altering conditions.

36.     Plaintiff GILBERTO LOPEZ underwent an MRI during which he was injected with the linear GBCA MultiHance.  Plaintiff GILBERTO LOPEZ had normal kidney function at

the time he was injected with these GBCAs. The gadolinium that Mr. LOPEZ was injected with was retained in his body which has caused him to suffer from Gadolinium Deposition Disease ("GDD") and symptoms associated with Nephrogenic System Fibrosis ("NSF"). These debilitating symptoms and conditions include, but are not limited to: cold/burning pain throughout his body; abdominal pain and nausea; bone and joint pain; skin thickening; body rashes; itching; sweats; weakness; dizziness; loss of appetite; dysphagia; chest pain; violent shaking; mental anguish; inability to focus; memory loss; brain fog; and other severe and life altering conditions.

37.     Plaintiff BONNIE WHEELER underwent MRIs during which she was injected with the linear GBCAs Magnevist and MultiHance. Plaintiff BONNIE WHEELER had normal kidney function at the time she was injected with these GBCAs. The gadolinium that Ms. WHEELER was injected with was retained in her body which has caused her to suffer from Gadolinium Deposition Disease ("GDD") and symptoms associated with Nephrogenic System Fibrosis ("NSF"). These debilitating symptoms and conditions include, but are not limited to: bone and joint pain; lung/back pain; vision loss; white matter changes; joint swelling; sharp tingling pain; water retention; dry skin; mental anguish; and other severe and life altering conditions.

38.     The type of gadolinium retention sustained by Plaintiffs occurs in patients with normal or near-normal renal function that develop persistent symptoms that arise hours to months after the administration of a linear gadolinium-based contrast agent. Plaintiffs had no preexisting disease or subsequently developed disease of an alternate known process to account for the symptoms. These symptoms are debilitating, permanent, and excruciating, and have ruined Plaintiffs' ability to enjoy normal and productive lives. This is a progressive condition for which there is no known cure and Plaintiffs' damages will only grow more severe and debilitating over

time.

39.     During the years that Defendants manufactured, marketed, distributed, sold, and administered linear gadolinium-based contrast agents, there have numerous case reports, studies, assessments, papers, peer reviewed literature, and other clinical data that have described and/or demonstrated gadolinium retention in connection with the use of linear gadolinium-based contrast agents.

40.     Defendants failed to warn Plaintiffs and their healthcare providers about the serious health risks associated with linear gadolinium-based contrast agents, and failed to disclose the fact that there were safer alternatives (e.g., macrocyclic agents instead of linear agents).

41.     As a direct and proximate result of receiving injections of linear gadolinium-based contrast agents manufactured, distributed, marketed, and/or sold by Defendants, Plaintiffs developed gadolinium retention resulting in fibrosis in their organs, skin, and bones, retained gadolinium in their brains, and related injuries.

42.     Defendants have repeatedly and consistently failed to advise consumers and their healthcare providers of the casual relationship between linear gadolinium-based contrast agents and gadolinium retention resulting in fibrosis in the organs, skin, and bones, retained gadolinium in the brain, and related injuries.  Defendants knew or should have known of the risks posed by linear gadolinium-based contrast agents to individuals with normal or near-normal kidney function.

43.     Had Plaintiffs and their healthcare providers been warned about the risks associated with linear gadolinium-based contrast agents, they would not have been administered linear gadolinium-based contrast agents and would not have been afflicted with gadolinium

retention resulting in fibrosis in their organs, skin, and bones, retained gadolinium in their brains, and related injuries.

44.    The manufacturers of the linear GBCAs have known since the 1980s that their drugs could cause retention of toxic gadolinium. But their claims to the public and healthcare providers have been misleading and false.

45.    In 1984 – prior to FDA approval – the inventors of linear gadolinium-based contrast agents claimed that their product, Gd-DTPA, did not cross the blood-brain barrier, and that the bonds between the toxic gadolinium and its protective coating did not break inside the body. Additionally, they claimed that there would be no toxic gadolinium residue left behind to cause illness.[1]

46.    There are two basic types of contrast agents differentiated by their chemical structure – linear agents and macrocyclic agents. The main difference is that the linear agents do not fully surround the gadolinium ion, whereas the macrocyclic agents form a more complete ring around the gadolinium ion which creates a stronger bond. The linear agents include: Magnevist (manufactured by Bayer), Omniscan (manufactured by GE), OptiMark (manufactured by Guerbet/Mallinckrodt/Liebel-Flarsheim), and MultiHance (manufactured by Bracco).

47.    Magnevist, a linear agent, was the first gadolinium-based contrast agent to reach the market after receiving FDA approval in 1988.

48.    In 1988 it was recognized in a paper that gadolinium was breaking free from the bonds in the linear-based contrast agents and this was in part due to the competition for its protective layer (chelate) by other essential metals in the body such as zinc, copper, and iron.[2]

---

[1] Brasch RC. Inherent contrast in magnetic resonance imaging and the potential for contrast enhancement – the 1984 Henry Garland lecture. *West J Med*. 1985 Jun; 142:847-853.
[2] Huckle JE, Altun E, Jay M, et al. Gadolinium deposition in humans: when did we learn that gadolinium was deposited in vivo? *Invest. Radiol*. 2016; 51:236-240.

Furthermore, emerging science showed that the bond between toxic gadolinium and its chelate or cage (Gd-DTPA) became very weak and separates easily in low pH conditions such as those found in many compartments of the human body including extracellular fluid spaces.

49.     Stability differences among gadolinium contrast agents have long been recognized in laboratory (in vitro), and deposition of toxic gadolinium in tissues has been described in animal models since at least 1984.  The first major study that showed deposition in humans appeared in 1998 regarding patients with renal failure and later in 2004 in patients with normal renal function.[3]

50.     Laboratory (in vitro) studies assessing the stability of each gadolinium-based contrast agent in human blood were performed and demonstrated that, over time, greater percentages of gadolinium were released from linear agents as compared to the macrocyclic agents.[4]

51.     The lack of stability seen within the linear agents was dismissed as an issue by the defendants claiming that the GBCA's were excreted out of the body according to the drug's claimed half-life, before the chelate could release the toxic gadolinium.  However, it was later noted that some conditions could cause prolonged retention of the contrast agents, thus allowing more toxic gadolinium to be released in the bodies of patients.  In addition, a delayed elimination phase of the gadolinium-based contrast agents would later be discovered.

52.     Peer-reviewed articles on the deposition of gadolinium in animals with normal renal function, some illustrating deleterious consequences, have been published as early as 1984.[5]

53.     Three months after the FDA approval of GE's Magnevist (a linear contrast agent)

[3] Id.
[4] Tweedle MF, Eaton SM, Eckelman WC, et al. Comparative chemical structure and pharmacokinetics of MRI contrast agents. *Invest. Radiol.* 1988; 23 (suppl 1): S236-S239; *see also* Frenzel T, Lengsfeld P, Schirner H, et al. Stability of gadolinium-based magnetic resonance imaging contrast agents in serum at 37 degrees C. *Invest. Radiol.* 2008; 43:817-828.
[5] Weinman HJ, Brasch RC, Press WR, et al. Characteristics of gadolinium-DTPA complex: a potential NMR contrast agent. *AJR Am J Roentgenol.* 1984; 142: 619-624.

13

in 1993 the preclinical safety assessment and pharmacokinetic data were published describing its pharmacokinetics in rats, rabbits, and cynomolgus monkeys. These studies noted that while toxic gadolinium was no longer detectable in the blood 7-days after administration, quantifiable concentrations of gadolinium were persistent in both the renal cortex and areas around bone cartilage.[6]

54.     The first report of toxic gadolinium retention in humans may have been presented in September 1989, a little over 1 year after the approval of Magnevist. Authors *Tien et al.* reported that intracerebral masses "remained enhanced on MRI images obtained 8 days after injection of gadolinium DTPA dimeglumine (Magnevist)."[7]     Subsequent chemical analysis revealed that a high concentration of gadolinium remained in the tissue.

55.     Defendants knew that their linear GBCAs did not have very stable bonds and could come apart easily causing significant toxicity in humans. Defendants have known about the risks that linear gadolinium-based contrast agents pose to people with normal kidney function for years. Pharmacokinetic studies in 1991 indicated that gadolinium retention was occurring in people with normal renal function.[8]

56.     In 2004, gadolinium was shown to be deposited in the resected femoral heads (bones) of people who had undergone gadolinium MRI studies.[9]     Since then, studies have continued to indicate that gadolinium remains within people's bodies long after the suggested half-life.

57.     Despite this well-documented evidence of gadolinium retention, Defendants have continuously failed to warn consumers and their healthcare providers on the label of their

[6] Harpur ES, Worah D, Hals PA, et al. Preclinical safety assessment and pharmaco-kinetics of gadodiamide injection, a new magnetic resonance imaging contrast agent. *Invest Radiol*. 1993; 28 (suppl 1): S28-S43.
[7] Tien RD, Brasch RC, Jackson DE, et al. Cerebral Erdheim-Chester disease: persistent enhancement with Gd-DTPA on MR images. *Radiology*. 1989; 172:7891-792.
[8] Schumann-Giampieri G, Krestin G. Pharmacokinetics of Gd-DTPA in patients with chronic renal failure. *Invest Radiol*., 1991; 26:975-979.
[9] Gibby WA, Gibby KA, Gibby WA. Comparison of Gd DTPA-BMA (Magnevist) versus Gd HP-DO3 (ProHance) retention in human bone tissue by inductively coupled plasma atomic emission spectroscopy. *Invest Radiol*., 2004; 39:138-142.

14

products, or anywhere that a patient or physician could be informed.

58.     Dermatologists, nephrologists, and other scientists connected the administration of linear gadolinium-based contrast agents to a rapidly progressive, debilitating and often fatal condition called gadolinium-induced "Nephrogenic" Systemic Fibrosis (NSF), prompting the Food and Drug Administration (FDA) to issue a black box warning regarding the release of toxic gadolinium from the linear contrast agents, and its long-term retention in the bodies of animals and humans (for patients with abnormal kidney function) on all gadolinium-based contrast agents in 2007.

59.     Defendants corrected their label to include contraindications for use in people with kidney disease and acute kidney injury.

60.     There were over 500 NSF cases reported and estimated to be well over a thousand non-reported.  There was a prior MDL and other litigation involving NSF against the defendants in the current litigation.  A trial in that litigation resulted in a verdict in favor of the plaintiff and against GE.  The litigation resolved and the MDL was formally closed in 2015.  Due to the new black box warning in the GBCA's labeling, doctors stopped using GBCAs in patients with abnormal kidney function.  However, the warnings for patients with normal kidney function remained unchanged until May 21, 2018, and as a result the linear GBCAs continued to be widely used and marketed notwithstanding the Defendants' knowledge of the dangers of the product.  This case and the others pending throughout the country involve widespread fibrosis and other symptoms in the bodies of patients with normal kidney function.

61.     The vast majority of the medical community was not aware, until recently, of any disease that was associated with gadolinium other than NSF, which was defined as only occurring in patients with renal failure.

62.     Gadolinium toxicity is, therefore, an underreported and underdiagnosed condition. Over the past several years (since the link between gadolinium-based contrast agents and NSF was acknowledged) patients with normal renal function have been forming advocacy groups and coming forward to create awareness for their condition.   Symptomatic patients often have documentation of high levels of gadolinium in their blood and urine long after their exposure to gadolinium-based contrast agents.   Many patients also have tissue biopsies of various parts of their body that show additional evidence of retained gadolinium years after their exposure.

63.     Some patients sent several strongly worded letters with scientifically-supported research data to the FDA, warning about the occurrence of gadolinium toxicity in those with normal renal function following injections of gadolinium-based contrast agents.   Correspondence was confirmed as early as 2012.

64.     In 2013, while examining non-contrast enhanced MRI images, Japanese researchers found evidence of retained gadolinium in the brains of patients with normal renal function that had previously received one or more injections of gadolinium-based contrast agents up to several years prior.   They found that the brain had hyperintense signals in critical areas of the brain.[10]

65.     These findings were confirmed by scientists at the Mayo Clinic in 2014 when autopsy studies were performed on 13 deceased individuals, all of whom had normal or near normal renal function and who had received six or more injections of gadolinium-based contrast agents in the years prior.   Up to 56 mcg of gadolinium per gram of desecrated tissue were found within the brains of these patients.[11]

66.     In July of 2015, in response to the Mayo Clinic study's findings, the FDA issued a

[10] Kanda T, Ishii K, Kawaguchi H, et al. High signal intensity in the dentate nucleus and globus pallidus on unenhanced T1-weighted MR images: relationship with increasing cumulative dose of a gadolinium-based contrast material. *Radiology*. 2014; 270:834-841.
[11] McDonald RJ, McDonald JS, Kallmes DF, et al. Intracranial gadolinium deposition after contrast-enhanced MR imaging. *Radiology*. 2015; 275:772-782.

16

COMPLAINT

new public safety alert stating that the FDA is evaluating the risk of brain deposits from repeated use of gadolinium-based contrast agents used in MRIs.

67.     In September 2017, the FDA's medical advisory committee voted 13 to 1 in favor of adding a warning on labels that gadolinium can be retained in some organs, including the brain, even in patients with healthy kidneys.

68.     On May 21, 2018, the GBCA manufacturers finally issued a joint warning to patients with normal kidney function.  This new "Important Drug Warning" issued by Bayer, GE, Bracco, and Guerbet included the following:

(a)     "Subject: Gadolinium from GBCAs may remain in the body for months to years after injection;"

(b)     A new class warning, patient counseling, and a medication guide;

(c)     Warning that gadolinium is retained for months to years in several organs;

(d)     Warning that the highest concentrations of retained gadolinium are found in bone, followed by organs (brain, skin, kidney, liver, and spleen);

(e)     Warning that the duration of gadolinium retention is longest in bone and varies by organ;

(f)     Warning that linear GBCAs cause more retention than macrocyclic GBCAs;

(g)     Warning about reports of pathological skin changes in patients with normal renal function;

(h)     Warning that adverse events involving multiple organ systems have been reported in patients with normal kidney function;

17
COMPLAINT

(i)     Warning that certain patients are at higher risk;

      i.     Patients with multiple lifetime doses;

      ii.     Pregnant patients;

      iii.     Pediatric patients;

      iv.     Patients with inflammatory process;

(j)     Instructions for healthcare providers to advise patients that:

      i.     Gadolinium is retained for months or years in brain, bone, skin, and other organs in patients with normal renal function;

      ii.     Retention is greater following administration of linear GBCAs than following administration of macrocyclic GBCAs.

The Warning deliberately downplays the state of the evidence concerning the health effects of gadolinium retention.

69.     Defendants are estopped from asserting a statute of limitations defense because all Defendants fraudulently concealed from Plaintiffs the nature of Plaintiffs' injuries and the connection between her injuries and the Defendants' tortious conduct.

**FIRST CAUSE OF ACTION**

**STRICT LIABILITY: FAILURE TO WARN**

**(Against all Defendants)**

70.     Plaintiffs incorporate by reference and reallege each paragraph set forth above.

71.     Defendants' linear GBCAs, including Magnevist, MultiHance, and Omniscan, were defective due to inadequate design, formulation, warnings, labeling or instructions for use. Defendants knew, or should have known, that these products created significant risks of serious bodily harm to consumers.  Defendants failed to adequately warn consumers, including the

18

plaintiffs named here within, and healthcare providers, of such risks, or to recall and reformulate Magnevist, MultiHance, and Omniscan to make them safe for use, or that other contrast agents with less or no adverse health effects could be used instead, or no contrast agents at all.

72.     Because of Defendants' failure to provide adequate warnings with their products, Plaintiffs were injected with linear GBCAs commonly known as Magnevist, MultiHance, and Omniscan which Defendants manufactured, designed, sold, supplied, marketed, labeled or otherwise introduced into the stream of commerce in this State.

73.     These GBCAs are the legal cause of Plaintiffs' injuries, harm, damages, and economic loss, which Plaintiffs will continue to suffer into the future.

74.     Had Plaintiffs, and healthcare providers, been made aware by Defendants of the adverse health risks associated with the use of Magnevist, MultiHance, or Omniscan as part of receiving an MRI, or that other contrast agents with less or no risk of such adverse effects could be used, or no contrast agents at all, Plaintiffs would not have been injected with these linear GBCAs and would not be suffering from the injuries and damages as alleged herein.

75.     The foregoing acts, conduct, and omissions of Defendants were vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with conscious disregard for the health, safety and rights of Plaintiffs and others, and for the primary purpose of increasing Defendants' profits. As such, Plaintiffs are entitled to exemplary or punitive damages.

### SECOND CAUSE OF ACTION
### NEGLIGENCE
### (Against all Defendants)

76.     Plaintiffs incorporate by reference and reallege each paragraph set forth above.

77.     Defendants had a duty to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, sale and distribution of linear GBCAs (including Magnevist, MultiHance, and Omniscan). In particular, Defendants had a duty to assure that these

19

products did not pose an unreasonable risk of bodily harm and adverse health consequences to the end users, such as Plaintiffs.

78.     Defendants failed to exercise reasonable care in the design, formulation, manufacture, sale, testing, marketing, or distribution of linear GBCAs, including Magnevist, MultiHance, and Omniscan, in that they knew or should have known that these products could cause significant bodily harm or death and were not safe for use.

79.     Defendants failed to exercise ordinary care in the labeling of linear GBCAs, including Magnevist, MultiHance, and Omniscan, and failed to issue to consumers and their healthcare providers adequate warnings concerning the risks of serious bodily injury due to the use of these GBCAs or the availability of alternative contrast agents that did not carry such risks or the option of not using contrast agents at all.

80.     Despite the fact that Defendants knew or should have known that linear GBCAs, including Magnevist, MultiHance, and Omniscan, posed a serious risk of bodily harm to consumers, Defendants unreasonably continued to manufacture, label, distribute and market Magnevist, MultiHance, and Omniscan, and failed to exercise reasonable care with respect to post-sale warnings and instructions for safer or alternative uses.

81.     Had Plaintiffs, and healthcare providers, been made aware by Defendants of the adverse health risks associated with the use of Magnevist, MultiHance, and Omniscan as part of receiving an MRI, or that other contrast agents with less or no risk of such adverse effects could be used, or no contrast agents at all, Plaintiffs would not have been injected with these linear GBCAs and would not be suffering from the injuries and damages as alleged herein.

82.     At all relevant times, it was foreseeable to Defendants that consumers, including Plaintiffs, would suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

83.    As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, injuries, damages, and loss as alleged herein and as proven at trial.

**THIRD CAUSE OF ACTION**
**FRAUD: MISREPRESENTATION**
**(Against all Defendants)**

84.    Plaintiffs incorporate by reference and reallege each paragraph set forth above.

85.    Defendants knowingly and intentionally made materially false and misleading misrepresentations to the healthcare providers of Plaintiffs and to the public at large, including Plaintiffs, suggesting that linear GBCAs, including Magnevist, MultiHance, and Omniscan, were safe for use and that Defendants' labeling, marketing, and promotional materials fully described all known risks associated with these products and that no safer alternative contrast agents, or not using contrast agents at all, were alternatives that patients should consider.

86.    Defendants' representations were false. Linear GBCAs, including Magnevist, MultiHance, and Omniscan, are not safe for use and Defendants' labeling, marketing, and promotional materials did not fully describe all known risks of these products, or the option of using other contrast agents with less or no risk of adverse effects, or not using contrast agents at all.

87.    Defendants had actual knowledge that linear GBCAs, including Magnevist, MultiHance, and Omniscan, created an unreasonable risk of serious bodily injury to users, and that safer alternative contrast agents existed and could be used instead as part of routine MRI procedures, or no contrast agents used at all.

88.    Defendants knowingly and intentionally omitted this information from their labeling, marketing, and promotional materials, and instead labeled, promoted, and marketed their products as safe for use in order to increase and sustain sales and profits for themselves, and

21
COMPLAINT

failed to advise the options of using safer alternative contrast agents, or no contrast agents at all.

89.     When Defendants made representations that linear GBCAs, including Magnevist, MultiHance, and Omniscan, were safe for use, they knowingly and intentionally concealed and withheld from Plaintiffs, healthcare providers, and the public, the fact that their linear GBCAs, including Magnevist, MultiHance, and Omniscan, were not safe for use and that safer alternative contrast agents could be used instead, or no contrast agents at all.

90.     Defendants had a duty to disclose that linear GBCAs, including Magnevist, MultiHance, and Omniscan, were not safe for use, and that safer alternative contrast agents could be used instead, or no contrast agents at all.  Defendants had superior knowledge of these facts that were material to Plaintiffs' and healthcare providers' decisions as to whether to use Magnevist, MultiHance, and Omniscan on Plaintiffs as part of the multiple MRI evaluations performed upon them.

91.     Plaintiffs and the healthcare providers reasonably and justifiably relied on the Defendants' representations that linear GBCAs, including Magnevist, MultiHance, and Omniscan, were safe for human use and that Defendants' labeling, marketing, and promotional materials fully described all known or suspected risks associated with these products and the availability and efficacy of safer alternative contrast agents.

92.     Plaintiffs did not know, and could not have learned, of the facts that Defendants omitted and suppressed, all of which were material facts that would have convinced Plaintiffs, had they been made aware of these materials facts, to have foregone use of Magnevist, MultiHance, or Omniscan as part of their multiple MRI procedures and used macrocyclic gadolinium-based contrast agents, or not agents, instead.

93.     As a direct and proximate result of the Defendants' misrepresentations and concealments, Plaintiffs were administered Magnevist, MultiHance, and/or Omniscan multiple

times in significant dosages over a short period of time, which has caused them to suffer serious physical injury, harm, damages, and economic loss, and will continue to cause them such damages.

94.     The foregoing acts, conduct, and omissions of Defendants were vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with a conscious disregard for the health, safety and rights of Plaintiffs and other users of Magnevist, MultiHance, and Omniscan, and for the primary purpose of increasing Defendants' sales and profits.  As such, Plaintiffs are entitled to exemplary or punitive damages.

## FOURTH CAUSE OF ACTION
## FRAUD: CONCEALMENT
### (Against all Defendants)

95.     Plaintiffs incorporate by reference and reallege each paragraph set forth above.

96.     Defendants omitted, suppressed, or concealed material facts concerning the dangers and risks with the use of their linear GBCAs, including Magnevist, MultiHance, and Omniscan, and the fact that safer alternatives were available.  Further, Defendants purposely downplayed and understated the serious nature of the risks associated with the use of their linear GBCAs, including Magnevist, MultiHance, and Omniscan, in order to increase sale and profits.

97.     As a direct and proximate result of the Defendants' concealment of material facts, Plaintiffs were administered Magnevist, MultiHance, and/or Omniscan, multiple times in significant dosages over a short period of time, which has caused them to suffer serious physical injury, harm, damages, and economic loss, and will continue to cause them such damages into the future.

98.     Had Plaintiffs, and healthcare providers, been made aware by Defendants of the adverse health risks associated with the use of Magnevist, MultiHance, and/or Omniscan as part of receiving an MRI, or that other contrast agents with less or no risk of such adverse effects

23

could be used, or no contrast agents at all, Plaintiffs would not have been injected with these linear GBCAs and would not be suffering from the injuries and damages as alleged herein.

99.     The foregoing acts, conduct, and omissions of Defendants were vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with a conscious disregard for the health, safety and rights of Plaintiffs and other users of Magnevist, MultiHance, and Omniscan, and for the primary purpose of increasing Defendant's sales and profits.  As such, Plaintiffs are entitled to exemplary or punitive damages.

## FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Against all Defendants)

100.     Plaintiffs incorporate by reference and reallege each paragraph set forth above.

101.     Defendants supplied the public, including Plaintiffs, and healthcare providers with materially false and incomplete information with respect to the safety of Magnevist, Multihance, and Omniscan.

102.     The false information supplied by the Defendants was that Magnevist, MultiHance, and Omniscan were safe for administration to people like Plaintiffs, and failed to state that safer alternative contrast agents could be used instead, or no contrast agents at all, as part of the MRI procedure.

103.     In supplying this false information, and failing to explain safer alternatives than the use of Magnevist, MultiHance, and Omniscan, as part of the administration of multiple MRIs to Plaintiffs, Defendants failed to exercise reasonable care.

104.     The false information provided by Defendants was material and justifiably relied upon by Plaintiffs and healthcare providers in good faith to their detriment.

105.     Had Plaintiffs, and healthcare providers, been made aware by Defendants of the adverse health risks associated with the use of Magnevist, MultiHance, and Omniscan as part of

24

receiving an MRI, or that other contrast agents with less or no risk of such adverse effects could be used, or no contrast agents at all, Plaintiffs would not have been injected with these linear GBCAs and would not be suffering from the injuries and damages as alleged herein.

106.    As a direct and proximate result of the Defendants' misrepresentations and concealment of material facts, Plaintiffs were administered Magnevist, MultiHance, and/or Omniscan multiple times in significant dosages over a short time period as part of receiving several MRIs, which has caused them to suffer serious physical injury, harm, damages, and economic loss, and will continue to cause them such damages into the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants as follows:

1.    For judgment in favor of Plaintiffs and against Defendants, and each of them;

2.    Non-economic damages including pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

3.    Economic damages including past and future medical expenses, past and future loss of income, loss of earning capacity, and other economic damages in an amount to be determined at trial of this action;

4.    Punitive damages as allowed by law and in an amount to be determined at the time of trial of this action;

5.    Pre-judgment and post-judgment interest;

6.    Attorneys' fees, expenses, and costs; and

7.    Such further relief as this Court deems necessary, just, and proper.

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demands trial by jury as to all issues.

3

4

5       Levi M. Plesset, CA Bar No. 296039
        MILSTEIN JACKSON FAIRCHILD & WADE
6       10250 Constellation Blvd., Suite 1400
        Los Angeles, CA 90067
7       lplesset@mjfwlaw.com
        Tel: (310) 396-9600
8       Fax: (310) 396-9635

9       *Attorney for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER HEALTHCARE PHARMACEUTICALS, INC. (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TATSIANA DEROSA; TAMARA TYLER; GILBERTO LOPEZ; BONNIE WHEELER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court | CASE NUMBER:<br>*(Número del Caso):* CGC - 19 - 575479 |

400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Levi M. Plesset; 10250 Constellation Blvd, Suite 1400, Los Angeles, CA 90067; (310) 396-9600

| DATE: APR 2 4 2019 | CLERK OF THE COURT | KALENE APOLONIO | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bayer Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

BY FAX

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BAYER CORPORATION; BAYER HEALTHCARE LLC; GE HEALTHCARE, INC; GENERAL
ELECTRIC COMPANY; BRACCO DIAGNOSTICS, INC; MCKESSON CORPORATION; MCKESSON
MEDICAL-SURGICAL, INC; and DOES 1 through 20, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Levi M. Plesset (296039)<br>Milstein, Jackson, Fairchild & Wade, LLP<br>10250 Constellation Blvd, Suite 1400<br>Los Angeles, CA 90067 | **ENDORSED**<br>**F I L E D**<br>*San Francisco County Superior Court* |

TELEPHONE NO.: (310) 396-9600    FAX NO.: (310) 396-9635

ATTORNEY FOR *(Name)*: Plaintiffs

APR 2 4 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

STREET ADDRESS: 400 McAllister Street

CLERK OF THE COURT

MAILING ADDRESS:

BY: KALENE APOLONIO

CITY AND ZIP CODE: San Francisco, CA 94102

Deputy Clerk

BRANCH NAME:

CASE NAME:
DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-19-575479 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/23/2019

Levi M. Plesset
(TYPE OR PRINT NAME)                                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER HEALTHCARE PHARMACEUTICALS, INC. (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TATSIANA DEROSA; TAMARA TYLER; GILBERTO LOPEZ; BONNIE WHEELER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número de Caso):* CGC-19-575479 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Levi M. Plesset; 10250 Constellation Blvd, Suite 1400, Los Angeles, CA 90067; (310) 396-9600

| DATE: APR 2 4 2019 | CLERK OF THE COURT | KALENE APOLONIO | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bayer Healthcare Pharmaceuticals In

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | |

### INSTRUCTIONS FOR USE

+ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
+ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

BAYER CORPORATION; BAYER HEALTHCARE LLC; GE HEALTHCARE, INC; GENERAL
ELECTRIC COMPANY; BRACCO DIAGNOSTICS, INC; MCKESSON CORPORATION; MCKESSON
MEDICAL-SURGICAL, INC; and DOES 1 through 20, inclusive.

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Levi M. Plesset (296039)<br>Milstein, Jackson, Fairchild & Wade, LLP<br>10250 Constellation Blvd, Suite 1400<br>Los Angeles, CA 90067 | FOR COURT USE ONLY<br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court |
|---|---|

TELEPHONE NO.: (310) 396-9600   FAX NO.: (310) 396-9635

APR 2 4 2019

ATTORNEY FOR *(Name):* Plaintiffs

CLERK OF THE COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

BY: KALENE APOLONIO
                              Deputy Clerk

STREET ADDRESS: 400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

CASE NAME:
DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-19-575479 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Five (5)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/23/2019

Levi M. Plesset
_____
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>
NOTICE TO DEFENDANT:<br>
(AVISO AL DEMANDADO):<br><br>
BAYER HEALTHCARE PHARMACEUTICALS, INC. (see attachment)<br><br>
YOU ARE BEING SUED BY PLAINTIFF:<br>
(LO ESTÁ DEMANDANDO EL DEMANDANTE):<br><br>
TATSIANA DEROSA; TAMARA TYLER; GILBERTO LOPEZ; BONNIE WHEELER
</td>
<td>
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)
</td>
</tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr>
<td>
The name and address of the court is:<br>
(El nombre y dirección de la corte es):  San Francisco Superior Court<br>
400 McAllister Street, San Francisco, CA 94102
</td>
<td>
CASE NUMBER:<br>
(Número del Caso):<br>
CGC - 19 - 575479
</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Levi M. Plesset; 10250 Constellation Blvd, Suite 1400, Los Angeles, CA 90067; (310) 396-9600

DATE: APR 2 4 2019                    CLERK OF THE COURT         KALENE APOLONIO              , Deputy
(Fecha)                              (Secretario)                                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

<table>
<tr>
<td>[SEAL]</td>
<td>
NOTICE TO THE PERSON SERVED: You are served<br>
1. ☐ as an individual defendant.<br>
2. ☐ as the person sued under the fictitious name of (specify):<br><br>
3. ☒ on behalf of (specify):  Bayer Healthcare, LLC<br><br>
under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)<br>
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>
      ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>
      ☐ other (specify):<br>
4. ☐ by personal delivery on (date):
</td>
</tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

BY FAX

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | |

## INSTRUCTIONS FOR USE

+ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
+ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

   ☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BAYER CORPORATION; BAYER HEALTHCARE LLC; GE HEALTHCARE, INC; GENERAL ELECTRIC COMPANY; BRACCO DIAGNOSTICS, INC; MCKESSON CORPORATION; MCKESSON MEDICAL-SURGICAL, INC; and DOES 1 through 20, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Levi M. Plesset (296039)<br>Milstein, Jackson, Fairchild & Wade, LLP<br>10250 Constellation Blvd, Suite 1400<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 396-9600   FAX NO.: (310) 396-9635<br>ATTORNEY FOR *(Name):* Plaintiffs | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br>APR 24 2019<br>CLERK OF THE COURT<br>BY: KALENE APOLONIO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
DeRosa, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-19-575479 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/23/2019
Levi M. Plesset
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
Employment
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **SEP-25-2019**

**TIME:**     **10:30AM**

**PLACE:**    **Department 610**
                   **400 McAllister Street**
                   **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> **(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to**
**respond to a complaint or cross-complaint\*\***

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| | |
|---|---|
| TELEPHONE NO | |
| ATTORNEY FOR (Name) | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco CA 94102-4514 | |
| PLAINTIFF/PETITIONER | |
| DEFENDANT/RESPONDENT | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): __. _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

Name of Party Stipulating

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated

_____

Name of Party Stipulating

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

☐ *Additional signature(s) attached*

ADR-2 10/18                    STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION