UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02932-HSG<br><br>**ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE AND ORDER GRANTING PLAINTIFF COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY**<br><br>Re: Dkt. No. 33 |

### I. FAILURE TO PROSECUTE

Plaintiffs Tatsiana DeRosa, Tamara Tyler, Gilberto Lopez, and Bonnie Wheeler filed this action in California Superior Court on April 24, 2019. Dkt. No. 1. Defendants removed the action on May 28, 2019, on the basis of diversity. *Id*. On October 24, 2019, Plaintiffs DeRosa, Tyler, and Wheeler dismissed all their claims against Defendants with prejudice. Dkt. No. 34. Only Plaintiff Lopez remains.

Plaintiff's counsel, Levi M. Plesset of Milstein Jackson Fairchild & Wade, LLP, moved to withdraw as Plaintiff Lopez's attorney on October 23, 2019. Dkt. No. 33. Counsel first notified Plaintiff Lopez of his intent to withdraw on October 2, 2019, and again on October 16, 2019. *Id*. The Court set a hearing on this motion for December 5, 2019, and directed counsel to inform Plaintiff Lopez that he should appear at the hearing if he opposed counsel's motion to withdraw. Dkt. No. 38. Plaintiff Lopez did not appear at the hearing. Counsel represented to the Court that he served the Court's order directing Plaintiff Lopez to appear, but he has not received any response or communications from Plaintiff. The Court has no way of verifying whether Plaintiff Lopez intends to continue prosecuting this case, as there has been no communication from Mr. Lopez either to his counsel or the Court in at least two months (if not longer).

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also sua sponte dismiss a case for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). The Court finds that Plaintiff Lopez has demonstrated that he is unable or unwilling to adequately prosecute this case. Accordingly, the Court **DISMISSES** this action as to Plaintiff Lopez **WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute.

## II. MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 33)

The Court next addresses counsel's motion to withdraw as attorney for Plaintiff Lopez. Dkt. No. 33. Counsel represents that he has "repeatedly called and sent correspondence to communicate with Plaintiff," but Plaintiff Lopez has "shut down any meaningful attorney-client interaction." *Id*. Counsel notified Plaintiff on two occasions of his intention to withdraw. *Id*. At the December 5, 2019 hearing, counsel represented that he has not received a response from Plaintiff Lopez. Because Plaintiff Lopez did not appear at the hearing, it is unclear to the Court whether Plaintiff Lopez opposes the motion.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds. *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including

2

giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

The Court finds that Civil Local Rule 11-5(a) is satisfied here. Plaintiff's counsel filed the motion almost two months ago and gave Plaintiff Lopez advance notice of withdrawal weeks before the filing of the motion. *See* Dkt. No. 33. Based upon the discussion at the hearing, the Court is persuaded that Plaintiff's counsel filed the motion with a good faith belief that there is good cause for withdrawal. *See* CA ST RPC, Rule 3-700(C)(6). Accordingly, the Court finds in the exercise of its discretion that withdrawal is warranted. *See Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). The Court **GRANTS** the motion to withdraw as counsel.

### III. CONCLUSION

The Court **GRANTS** Plaintiff counsel's motion to withdraw as attorney. *See* Dkt. No. 33. Further, the Court **DISMISSES** this action **WITHOUT PREJUDICE** with respect to Plaintiff Lopez for failure to prosecute under Rule 41(b). The Clerk shall close the file. Plaintiff Lopez's former counsel is directed to forward this order to him.

**IT IS SO ORDERED.**

Dated: 12/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3